IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WINSTON DANIELS, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 23-97 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                             August 4, 2023

Michael Winston Daniels ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied and judgment is entered in favor of the Commissioner.

### I.      PROCEDURAL HISTORY[1]

On May 18, 2020, Plaintiff applied for SSI, alleging disability, because of physical impairments, since April 30, 2016. R. 16. The claim was denied, initially and upon reconsideration; hence, Plaintiff requested a hearing. Id. On February 4, 2022, due to COVID-19 precautions, Plaintiff appeared before Howard Kauffman, Administrative Law Judge ("the ALJ"), for a telephonic hearing; Plaintiff, who was represented by an attorney, and vocational expert Diana Sims ("the VE") testified at the hearing. R. 34-69. Eleven days later, on February 15, 2022,

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 16-27. The Appeals Council denied Plaintiff's request for review, on November 10, 2022, making the ALJ's findings the final determination of the Commissioner. R. 1-3. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born or July 9, 1970, R. 26, was 51 years old on the date of the ALJ's decision. He has a tenth-grade education, R. 53, no past relevant work, R. 26, and lives with his wife, who is disabled. R. 35, 42.

B. <u>Plaintiff's Testimony</u>

At the February 4, 2022 administrative hearing, Plaintiff testified about his impairments. R. 36-57. Plaintiff suffers severe headaches, caused by his high blood pressure, three to four times per week; the headaches last approximately 15 to 20 minutes and resolve on their own. R. 37. These headaches occur, despite Plaintiff taking his prescribed blood pressure medication. R. 37.

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 416.920(g).

Plaintiff's gastrointestinal reflux disease causes severe chest pain and difficulty breathing. R. 38. He also suffers from rheumatoid arthritis, which causes pain in his knees, wrists, and knuckles. R. 40. Plaintiff's knuckle pain causes difficulty using zippers and fastening buttons; once or twice each week, his wife helps him perform these tasks while dressing. R. 40-41. He uses medication to help decrease the pain for two to three hours, so he can use his hands. R. 43, 47-48. Despite using pain medication, Plaintiff still drops objects two or three times each day. R. 48-49.

Plaintiff cooks two or three simple meals each week (*e.g.,* hot dogs). R. 49. He also lets the family cats out of the home and feeds them daily treats. R. 49-50. Plaintiff performs no other household chores.

C.     Vocational Testimony

The ALJ determined that Plaintiff had no past relevant work; he asked the VE to consider a person of Plaintiff's age, education and work experience, who was capable of: lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing, and walking for six hours each in an eight-hour workday; frequently kneeling, crouching and crawling; occasionally climbing ladders, ropes or scaffolds; and frequently handling and fingering with both upper arms. R. 60. The VE answered that such an individual could perform several light[3] jobs: (1) housekeeping cleaner, 265,000 positions in the national economy; (2) marker, 120,000 positions in the national economy; and (3) lobby attendant, 85,000 positions in the national economy. R. 61. Next, the VE considered the same person, but limited to occasional handling and fingering with the bilateral upper extremities. R. 61. The VE responded that the lobby attendant job would

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

still be available, as well as counter clerk, 40,000 positions in the national economy, and rental clerk, 60,000 positions in the national economy. R. 61-62.

The VE next was presented the first hypothetical, with an individual limited to sedentary work.[4] R. 62. The VE testified that possible jobs would include: (1) final assembler, 70,000 positions in the national economy; (2) finisher, 65,000 positions in the national economy; and (3) assembler, 25,000 positions in the national economy. R. 62. If this person was further limited to occasional handling and fingering with the bilateral upper extremities, no work would be available. R. 62. Next, if the individual was off-task at least 15% of the time, he could not work. R. 63. The VE confirmed that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and her knowledge, training, education, and experience. R. 63.

When questioned by Plaintiff's attorney, the VE stated that the jobs she had identified could be performed by someone with a tenth-grade education. R. 64. Furthermore, if the person in the first hypothetical could only stand and walk for up to four hours in an eight-hour workday, they could not perform light work and would be limited to sedentary work. R. 64.

### III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since May 18, 2020, the application date (20 CFR 416.971 *et seq.*).

2. [Plaintiff] has the following severe impairments: inflammatory arthritis, chronic pain syndrome, degenerative changes of the spine, gastroesophageal reflux disease, Hepatitis C, sleep apnea, and obesity (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools." 20 C.F.R, § 416.967(a).

4

|   |   |   |
|---|---|---|
|   |   | one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, 416.926). |
|   | 4. | After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 416.9267(a). He can lift and/or carry twenty pounds occasionally and ten pounds frequently. He can sit, stand, or walk for six hours each per eight hour workday. He can frequently kneel, crouch, and crawl. He is limited to occasional ladders, ropes, or scaffolds. He is limited to occasional handling and fingering with the bilateral upper extremities. |
|   | 5. | [Plaintiff] has no past relevant work (20 CFR 415.965). |
|   | 6. | [Plaintiff] was born on July 9, 1970 and was forty-nine years old, which is defined as a younger individual age 18-49, on the date the application was filed. [He] subsequently changed age category to closely approaching advanced age (20 CFR 416.963). |
|   | 7. | [Plaintiff] has a limited education (20 CFR 416.964). |
|   | 8. | Transferability of job skills is not an issue in this case because [Plaintiff] does not have past relevant work (20 CFR 416.968). |
|   | 9. | Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969(a)). |
|   | 10. | [Plaintiff] has not been under a disability, as defined in the Social Security Act, since May 18, 2020, the date the application was filed (20 CFR 416.920(g)). |

R. 18-19, 21, 26-27.

### IV.  DISCUSSION

A.  <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v.*

*Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential analysis process, the ALJ determined that, although Plaintiff had no past relevant work, he could perform light jobs that exist in the national economy; hence, Plaintiff was not disabled. R. 16-27. Plaintiff challenges the ALJ's decision and argues that the ALJ's conclusions concerning the persuasiveness of the opinions of consulting physician Dr. John Paul Bart and treating source Dr. Paul Avadanian are incapable of judicial review, because, when explaining his findings, the ALJ cited to whole exhibits in the record (many over 100 pages long), rather than citing to specific pages within those exhibits. Pl. Br. at 1-7. The Commissioner denies that the ALJ's decision in incapable of judicial review. Resp. at 1-17. Although the court does not endorse the ALJ's unusual approach to record-citation, his decision is amenable to judicial review; as the Commissioner demonstrates, the exhibits the ALJ cited do contain the explanations he relied upon. Hence, there is no basis to find error.

The ALJ found Dr. Bart's opinions – which closely correspond to the ALJ's residual functional capacity ("RFC") determination – persuasive, because the doctor supported them with

information contained in the medical records and the ALJ found the opinions consistent with a large number of medical records. R. 24-25. Specifically, the ALJ noted:

> documented clinical examination findings of normal range of motion of the lower extremities, normal musculoskeletal range of motion, a normal gait, a normal station, no musculoskeletal deformities, a negative Romberg test, lungs clear to auscultation, no edema, 5/5 strength "throughout" with normal muscle bulk and tone (except right intrinsic hand muscles), no abnormalities of the hands, normal strength of shoulder shrug, no tenderness of the back, intact motor function, an intact gait, positive bowel sounds in all quadrants, no swelling of the hands, no distention or tenderness of the abdomen, normal range of motion of all extremities, no focal motor or sensory deficits, and normal breath sounds.

R. 24-25. By focusing on supportability and consistency, the ALJ complied with the regulations concerning how to evaluate the persuasiveness of medical opinions. *See* 20 C.F.R. § 416.920c(a), (c)(1)- (2).

The ALJ found Dr. Avadanian's opinions – which corresponded to a significantly more restrictive RFC – unpersuasive because, although the doctor provided some support for his opinions, his opinions were inconsistent with the bulk of the medical evidence in the record. R. 25. In doing so, the ALJ relied upon the same medical evidence he cited with respect to Dr. Bart. R. 25. Again, by focusing on supportability and consistency, the ALJ complied with the regulations. *See* 20 C.F.R. § 416.920c(a), (c)(1)- (2).

Plaintiff contends that the ALJ's explanations are incapable of judicial review because the ALJ failed to cite specific pages in the record that support his explanations; instead, the ALJ simply cited to whole exhibits in the record. Pl. Br. at 3-7. In doing so, Plaintiff acknowledges that the relevant exhibits are 3F-4F and 6F-10F and they total 509 pages of the administrative record. *Id.* at 4.

It is obvious that the ALJ's failure to cite precise pages in the administrative record

makes it difficult to review his decision. However, the Commissioner's brief has identified the pages within the cited exhibits which contain the evidence to which the ALJ imprecisely cited. *See* Resp. at 14-15 (citing Ex. 3F:  R. 391 (no edema), R. 385 (normal gait and station, clear lungs to auscultation, and normal musculoskeletal range of motion); Exhibit 4F:  R. 459, 508, 516, 523 (no abdominal tenderness), R. 459, 488, 507 (normal breath sounds), R. 516 (intact gait), R. 523 (clear lungs to auscultation),[5] R. 459, 488, 516 (normal musculoskeletal range of motion); Exhibit 6F:  R. 537-38 (normal gait, negative Romberg testing, normal strength of shoulder shrug, and 5/5 strength throughout with normal muscle tone and bulk except in the right intrinsic hand muscles); Exhibit 7F:  R. 554, 557, 567 (no abdominal tenderness), R. 554 (positive bowel sounds), R. 549, 554, 557, 564, 579 (normal breath sounds), R. 549, 554, 567, 579 (no edema), R. 573-74 (normal gait and station and normal range of motion of all extremities), R. 552, 573 (lungs clear to auscultation), R. 567 (no musculoskeletal deformities), R. 549, 554, 581 (normal musculoskeletal range of motion), R. 552 (no hand swelling), R. 557 (no tenderness in the back); Exhibit 8F:  R. 674, 727, 738 (no abdominal tenderness), R. 738 (positive bowel sounds), R. 657, 674, 680, 690, 709, 713, 722, 727, 735 (normal breath sounds), R. 674, 735, 738 (no edema), R. 737 (clear lungs to auscultation), R. 735 (normal musculoskeletal range of motion), R. 674 (no back tenderness); Exhibit 9F:  R. 752,[6] 778 (normal gait and station), R. 752, 788 (clear lungs to auscultation), R. 752,[7] 778, 788 (normal range of motion of the extremities); Exhibit 10F:  R. 794 (no abdominal tenderness),[8] R. 823, 832,[9] 862, 875, 884, 893, (normal breath sounds), R. 838 (no

---

[5] The Commissioner states that this treatment note reveals intact motor function, Resp. at 14; however, that is incorrect.
[6] The Commissioner mistakenly cites to R. 751 for a finding of "normal gait and station." Resp. at 15.  This notation appears at R. 752, which the court has corrected.
[7] *See supra* n.6.
[8] This citation is incorrect; R. 794 is a Cover Letter which contains no medical information.
[9] The Commissioner mistakenly cites to R. 831 for "normal breath sounds," Resp. at 15; this notation appears at R. 832, which the court has corrected.

edema), R. 804, 808, 844, 855 (normal gait), R. 804, 808 (clear lungs to auscultation and no focal motor or sensory deficits). Based on the Commissioner's notation of the relevant pages in the record,[10] it is apparent that the ALJ's decision is supported by more than substantial evidence. Hence, there is no basis to order a remand.

    An implementing order and order of judgment follow.

---

[10] The few errors the Commissioner made in identifying relevant evidence in the record do not justify reversal.